IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TEXAS GAS TRANSMISSION, LLC                                                                 PLAINTIFF

V.                                                                          CIVIL ACTION NO. 2:08CV240-B-V

18.08 ACRES +/- IN SOUTHEAST QUARTER OF
SECTION 24, TOWNSHIP 30, NORTH, RANGE 4
WEST, COAHOMA COUNTY, MISSISSIPPI;
AND THE BOARD OF LEVEE COMMISSIONERS
FOR THE YAZOO-MISSISSIPPI DELTA                                                           DEFENDANTS

**ORDER**

Presently before the court is the plaintiff's motion to exclude testimony of defendant's expert Robert Crook and motion in limine to exclude testimony or evidence related to speculative hazards and irrelevant income generated by the Levee Board. Upon due consideration, the court finds as follows:

The plaintiff's motion to exclude testimony of defendant's expert Robert Crook shall be denied. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [fact finder's] consideration." *United States v. 14.38 Acres of Land, More or Less, Situated in Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996). "This is especially true in an eminent domain action, in which 'expert opinion testimony acquires special significance . . . where the sole issue is the value of condemned property.'" *Id.* (quoting *United States v. 68.94 Acres of Land, More or Less, Situated in Kent County, Del.*, 918 F.2d 389, 393 (3rd Cir. 1990)).

The plaintiff does not appear to contest Mr. Crook's qualifications but asserts that his conclusions are based on speculation and are not reliable. The court will not allow a *Daubert* inquiry to supplant a trial on the merits, as "[v]igorous cross-examination, presentation of

contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993). As the court will be the fact finder in the bench trial of this case, the court will exclude the evidence from its consideration if it comes to light that Mr. Crook has not "employed reliable principles and methods in reaching [his] conclusions." *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). The plaintiff's motion shall be denied at this time, however.

Pursuant to Federal Rule of Evidence 403, the plaintiff seeks to exclude as unduly prejudicial evidence or testimony of speculative hazards brought by the presence of the pipeline. Rule 403 is inapplicable to a bench trial, and the motion shall be denied. *See Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) ("The exclusion of this evidence under Rule 403's weighing of probative value against prejudice was improper. This portion of Rule 403 has no logical application to bench trials.").

The plaintiff likewise moves pursuant to Rule 403 to exclude evidence of irrelevant income generated by the Levee Board. Again, Rule 403 is inapplicable in this context. The court will, however, grant the plaintiff's motion and exclude this evidence not on the ground of undue prejudice under Rule 403 but because the Levee Board has specifically acknowledged that Mr. Crook did not incorporate the income at issue in his analysis.

It is, therefore, **ORDERED AND ADJUDGED**

that the plaintiff's motion to exclude testimony of defendant's expert Robert Crook is hereby **DENIED**;

that the plaintiff's motion to exclude evidence of speculative hazards is **DENIED**; and

that the plaintiff's motion to exclude evidence of irrelevant income is **GRANTED**.

This, the 5th day of April, 2012.

                                                /s/ Neal Biggers
                                                **NEAL B. BIGGERS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**